UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

......................................................................x

WEITAO CHEN,

                     Plaintiff,

          - against -

AMAZON.COM INC.,

                 Defendant.

......................................................................x

Case No. 23-CV-05324-EK-ST

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

John M. Magliery
DAVIS WRIGHT TREMAINE LLP
1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 603-6444
Email:    johnmagliery@dwt.com

Ambika Kumar (*pro hac vice application pending*)
Tim Cunningham (*pro hac vice application pending*)
DAVIS WRIGHT TREMAINE LLP
920 5th Avenue, Suite 3300
Seattle, WA 98104
Tel: (206) 622-3150
Email:    ambikakumar@dwt.com
             timcunningham@dwt.com

Sarah E. Burns (*pro hac vice application forthcoming*)
DAVIS WRIGHT TREMAINE LLP
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6800
Email:    sarahburns@dwt.com

*Attorneys for Defendant Amazon.com, Inc.*

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................ 1

II.   FACTUAL BACKGROUND ................................................................... 2

      A.    USTPO's Efforts to Deter Abuse of U.S. Trademark System. ............. 2

      B.    Amazon Brand Registry and Efforts to Deter Abuse ......................... 4

      C.    Chen's Conduct Leading to Amazon's Decision to Not Accept ABR
            Applications ............................................................................ 5

      D.    Chen's Lawsuit and Motion for a Temporary Restraining Order and
            Preliminary Injunction .............................................................. 7

      E.    Other ABR Lawsuits ................................................................. 9

III.  ARGUMENT ................................................................................. 10

      A.    Legal Standards ...................................................................... 10

      B.    Plaintiff Has Failed to Show a Likelihood of Success on the Merits. ..... 10

      C.    The Remaining Factors Weigh Against an Injunction ....................... 13

      D.    Plaintiff's Requested Relief Constitutes an Unconstitutional Prior
            Restraint. ............................................................................. 16

IV.   CONCLUSION .............................................................................. 17

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Am. Malting Co. v. Keitel*,
   209 F. 351 (2d Cir. 1913)......................................................................................14

*Aria Diagnostics, Inc. v. Sequenom, Inc.*,
   726 F.3d 1296 (Fed. Cir. 2013).............................................................................14

*Bantam Books, Inc. v. Sullivan*,
   372 U.S. 58 (1963).................................................................................................16

*Bayramoglu v. Amazon.com, Inc.*,
   Case No. 2:23-cv-00855 (D. Nev. 2023) .................................................................8

*Cacchillo v. Insmed, Inc.*,
   638 F.3d 401 (2d Cir. 2011)...................................................................................10

*Cain v. Atelier Esthetique Inst. of Esthetics Inc.*,
   733 F. App'x 8 (2d Cir. 2018) ................................................................................11

*Cassim v. Bowen*,
   824 F.2d 791 (9th Cir. 1987) .................................................................................14

*CBS, Inc. v. Davis*,
   510 U.S. 1315 (1994)..............................................................................................17

*Chandok v. Klessig*,
   632 F.3d 803 (2d Cir. 2011)...........................................................................10, 11

*Citibank, N.A. v. Citytrust*,
   756 F.2d 273 (2d Cir. 1985)...................................................................................13

*CRP/Extell Parcel I, L.P. v. Cuomo*,
   394 F. App'x 779 (2d Cir. 2010) ...........................................................................13

*Dunson v. Tri-Maint. & Contractors, Inc.*,
   171 F. Supp. 2d 103 (E.D.N.Y. 2001) ...................................................................12

*Elrod v. Burns*,
   427 U.S. 347 (1976)................................................................................................15

*Faiveley Transp. Malmo AB v. Wabtec Corp.*,
   559 F.3d 110 (2d Cir. 2009)...................................................................................13

4869-0612-5426v.11 0051461-005865

*Fuji Photo Film U.S.A., Inc. v. McNulty*,
    669 F. Supp. 2d 405 (S.D.N.Y. 2009) .................................................................................11

*Gertz v. Robert Welch, Inc.*,
    418 U.S. 323 (1974) .......................................................................................................12

*Gidatex, S.r.L. v. Campaniello Imports, Ltd.*,
    13 F. Supp. 2d 417 (S.D.N.Y. 1998) ..............................................................................13

*Herb Reed Enterprises., LLC v. Florida Entertainment Management, Inc.*,
    736 F.3d 1239 (9th Cir. 2013) ........................................................................................14

*Herrick v. Grindr, LLC*,
    2017 WL 744605 (S.D.N.Y. Feb. 24, 2017) ..................................................................10

*Mexichem Specialty Resins, Inc. v. EPA*,
    787 F.3d 544 (D.C. Cir. 2015) .........................................................................................9

*N.Y. Times Co. v. United States*,
    403 U.S. 713 (1971) .......................................................................................................16

*Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*,
    2022 WL 446013 (S.D.N.Y. Feb. 14, 2022) ...........................................................14, 16

*Nat'l Labor Relations Bd. v. Virginia Elec. & Power Co.*,
    314 U.S. 469 (1941) .......................................................................................................15

*Near v. Minnesota ex rel. Olson*,
    283 U.S. 697 (1931) .......................................................................................................16

*Nebraska Press Ass'n v. Stuart*,
    427 U.S. 539 (1976) ....................................................................................................2, 16

*Olivieri v. McDonald's Corp.*,
    678 F. Supp. 996 (E.D.N.Y. 1988) ................................................................................12

*Powell v. Jones-Soderman*,
    849 F. App'x 274 (2d Cir. 2021) ...................................................................................12

*Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*,
    944 F.2d 597 (9th Cir. 1991) ..........................................................................................14

*Sardi's Rest. Corp. v. Sardie*,
    755 F.2d 719 (9th Cir. 1985) ..........................................................................................16

*Sterling v. Deutsche Bank Nat'l Tr. Co. as Trustees for Femit Tr. 2006-FF6*,
    368 F. Supp. 3d 723 (S.D.N.Y. 2019) ...........................................................................15

iii

*Stormans, Inc. v. Selecky*,
    586 F.3d 1109 (9th Cir. 2009) ...................................................................................14

*The Romantics v. Activision Publ'g, Inc.*,
    532 F. Supp. 2d 884 (E.D. Mich. 2008) ....................................................................15

*United Healthcare Insurance Co. v. AdvancePCS*,
    316 F.3d 737 (8th Cir. 2002) ....................................................................................14

*Winter v. Nat. Res. Def. Council, Inc.*,
    555 U.S. 7 (2008) ...............................................................................................9, 14

*Zhu v. Amazon.com, Inc.*,
    Case No. 23-cv-05014 (E.D.N.Y. July 11, 2023) ....................................................1, 9

**State Cases**

*Anas v. Brown*,
    702 N.Y.S.2d 732 (4th Dep't 2000) ..........................................................................11

*O'Neill v. New York Univ.*,
    944 N.Y.S.2d 503 (1st Dep't 2012) ...........................................................................12

*Obi v. Amoa*,
    63 N.Y.S.3d 208 (Sup. Ct. 2017) ..............................................................................12

**Regulations**

37 C.F.R.
    § 2.11(a) ..................................................................................................................2, 3
    § 2.33.........................................................................................................................7
    § 11.18...................................................................................................................2, 7

84 F.R. 31498......................................................................................................................3

**Constitutional Provisions**

U.S. Const. amend. I ..........................................................................................2, 15, 16, 17

**Other Authorities**

Riddhi Sethi, *Surge in Trademark Fraud Scams Overwhelms Regulators, Applicants*,
    BLOOMBERG LAW (Apr. 19, 2023).............................................................................3

4869-0612-5426v.11 0051461-005865

Defendant Amazon.com, Inc. ("Amazon") respectfully submits this memorandum of law in opposition to Plaintiff Weitao Chen's Motion for Preliminary Injunction.  (Dkt. 9).

## I.    PRELIMINARY STATEMENT

Chen is a trademark attorney who has indisputably been associated with misconduct before the United States Patent and Trademark Office (USPTO)—as that Office has suspended multiple trademark applications on which he is or has been attorney of record, based on suspected improper submissions.  In light of those suspensions (and other facts that raise concerns about USPTO trademark applications associated with Chen), Amazon stopped accepting trademarks associated with him into Amazon Brand Registry—a service available to owners of U.S.-registered or pending trademarks meant to help protect intellectual property from infringement and promote brand growth.  Amazon took this step to safeguard the integrity of trademarks in the Amazon Brand Registry program, which protects Amazon's customers from inauthentic products, third-party sellers in Amazon's store from baseless infringement complaints, and the interests of legitimate brand owners.  In response, Chen asks the Court to enter an order preventing Amazon from making truthful statements about his conduct—even though Amazon no longer sends the emails on which his claim is based.

Last month another Judge in this Court, the Honorable Gary R. Brown, rejected a nearly identical request for preliminary relief based on the same emails, finding the plaintiff was unlikely to succeed on his defamation claims because Amazon submitted competent evidence demonstrating the challenged statements were true.  *See Zhu v. Amazon.com, Inc.*, Case No. 23-cv-05014, (E.D.N.Y. July 11, 2023).  On July 26, this Court preliminarily came to the same conclusion, and rejected Chen's request for a TRO, finding he had not sufficiently demonstrated

1

irreparable harm.  (July 26, 2023 Order).  Chen has no right to preliminary injunctive relief either, and cannot satisfy any factor of the four-factor test.

*First*, Chen will not prevail on his defamation claim.  Chen alleges Amazon defamed him by stating, in emails to some of his clients denying Amazon Brand Registry (ABR) enrollment, that the client's registration was filed by an attorney who had "previously been associated with a TM that was sanctioned/made invalid by the USPTO."  Public records show this statement is true.  Moreover, New York's common interest privilege protects the statements because Amazon and the applicants who received the email share an interest in communicating about misconduct that harms their interests.

*Second*, Chen cannot satisfy the remaining factors for injunctive relief.  Amazon has stopped sending the emails central to Chen's defamation claim, so they cannot cause him any continued harm, much less irreparable harm.  Nor do the public interest or equities favor him. The public has no interest in deterring Amazon's efforts to ensure applicants to Amazon Brand Registry comply with USPTO rules and regulations.  *See* 37 C.F.R. § 2.11(a); 37 C.F.R. § 11.18.

*Third*, the motion is independently deficient because it asks the Court for a prior restraint on speech.  Chen has not come anywhere close to making the showing required to justify this "most serious and the least tolerable infringement on First Amendment rights."  *Nebraska Press Ass'n v. Stuart*, 427 U.S. 539, 559 (1976).

Amazon respectfully requests that the Court deny Chen's motion.

## II.      FACTUAL BACKGROUND

### A.      USTPO's Efforts to Deter Abuse of U.S. Trademark System.

Applications for U.S. trademark registrations by Chinese-domiciled owners have skyrocketed since 2013, according to a report published by the USPTO.  Kumar Decl. Ex. 4 at 2.

2

The report attributes this to non-market factors, such as subsidies from the Chinese government for registering trademarks, government mandates requiring more registrations, bad-faith trademark applications, and legitimate intent-to-use applications filed proactively. *Id.* at 3. Bad actors try to register marks to "'ransom' them to their legitimate owners," sell counterfeit or infringing goods, or "block the legitimate owners' entry into the Chinese market or thwart the owners' notices to takedown infringing products from e-commerce platforms." *Id.* at 5. According to the report, one study estimated that in 2017, ***two-thirds*** of use-based applications by owners in one Chinese province in class 17 "included fraudulent specimens, which suggests that the trademarks were not used in commerce." *Id.* at 4.

In 2019, the USPTO promulgated a rule that requires foreign-domiciled trademark applicants to be represented by an attorney licensed in the United States. *See* 37 C.F.R. § 2.11(a); 84 F.R. 31498. Foreign applicants may not "attempt to circumvent [USPTO's] rule requiring U.S. counsel representation" by hiring a U.S. lawyer for representation in name only. Arora Decl. Ex. 1. The Office has warned that foreign firms are trying to "scam the [USPTO] by improperly using U.S.-licensed attorneys' names and bar credentials in trademark submissions," including by paying U.S. attorneys "to use their name and registration details" even though the attorney "has minimal, if any, participation in the application process." Kumar Decl. Ex. 9; *see also, e.g.,* Riddhi Sethi, *Surge in Trademark Fraud Scams Overwhelms Regulators, Applicants*, BLOOMBERG LAW (Apr. 19, 2023) (visited Jul. 9, 2023) ("There's also been a dramatic increase in international trademark firms hijacking a US-licensed attorney's credentials or bribing such lawyers to file thousands of applications."). To avoid violating the USPTO's ethics rules, the U.S.-licensed attorney must "[c]onduct a reasonable inquiry, before submitting any filing, to

determine that the filing is not being presented for any improper purpose and that the facts have evidentiary support." Arora Decl. Ex. 1.

**B.      Amazon Brand Registry and Efforts to Deter Abuse**

Amazon Brand Registry allows brand owners to protect their intellectual property and build their brand. Arora Decl. ¶ 3. Brand owners, who must have a U.S. trademark registration or application pending, may register their intellectual property with Amazon to gain access to tools that report suspected trademark infringement, as well as a streamlined process to notify Amazon of infringement and request removal of infringing and counterfeit goods from its stores. *Id*. Review of infringement notices is done both manually and automatically. *Id*.

Consistent with the USPTO's findings, Amazon has discovered that bad actors sometimes misuse ABR to bolster sales of their own products at the expense of legitimate sellers. *Id.* ¶ 4. Those actors knowingly send notices of infringement (NOIs) claiming that legitimate (and typically competing) products are infringing, hoping to procure the takedown of those products. *Id.* Amazon has been working to combat this abuse. *Id.* Once an ABR registrant is identified as having abused the ABR program, the registrant's ABR account is typically suspended, and the registrant prohibited from accessing ABR tools. *Id.*

Beginning this year, Amazon implemented additional procedures to curtail abusive conduct. *Id.* ¶ 6. Once an abusive registrant is identified, Amazon reviews information relating to that registrant, as well as information for other known ABR abusers, to determine if there are commonalities, trends, or other risk signals that should be considered upon receipt of an enrollment request. *Id.* For example, Amazon considers whether the trademark application is identified in a USPTO order concerning misconduct; whether the USPTO has sanctioned the attorney of record for the trademark filing; whether the attorney is otherwise associated with

4

another attorney or application under investigation and/or sanctioned by the USPTO; and other data available from the USPTO, including the quantity of trademark applications filed by the attorney, specimens of use, and signatures on filings.  *Id.*

Upon receiving an ABR enrollment request, if Amazon's risk detection system discovers a USPTO trademark application or registration was associated with an attorney that has been sanctioned or associated with another USPTO filing subject to sanctions, Amazon rejects the request.  *Id.* ¶ 7.  Previously, the owner would receive an email stating, in relevant part, "the trademark [TM] registration was filed by an attorney who has previously been associated with a TM that was sanctioned/made invalid by the United States Patent and Trademark Office (USPTO) for violating USPTO's Terms and Conditions"; and "to move forward, you will need to file a new trademark with an attorney who has not been associated with any abusive/risky conduct in the past."  *Id.*  Amazon no longer sends these emails and instead sends a revised version.  *See id.* & Ex. 2.

## C.     Chen's Conduct Leading to Amazon's Decision to Not Accept ABR Applications

Chen has been associated with multiple trademark applications the USPTO has sanctioned for suspected violation of USPTO rules.  For example, as of July 14, 2023, Chen was listed as attorney of record for Serial No. 90717905, which the USPTO suspended "pending administrative review of suspected improper submissions made to USPTO in connection with this application."  Kumar Decl. Ex. 5 at 12, 4-5.[1]  He also is listed as attorney of record for Serial No. 90613328, which the USPTO likewise "suspended pending administrative review of

---

[1] In a July 19, 2023 letter, Amazon informed Chen that the ineligibility emails were true and his defamation claim would fail because, among other reasons, he was associated with the suspended application for Serial No. 90717905.  ***The very same day***, Chen withdrew as counsel for that application.  Kumar Decl. Exs. 5, 11.

4869-0612-5426v.11 0051461-005865

suspected improper submissions made to USPTO in connection with this application." *Id.* Ex. 6 at 5.  Mr. Chen also substituted in as attorney of record for Serial No. 90368225 on March 3, 2022. *Id.* Ex. 8 at 10-11.  On March 4, 2022, Chen filed a Statement of Use and submitted a specimen allegedly depicting furniture and a cardboard box with the mark digitally imposed on the photograph of the cardboard box. *Id.*  On April 29, 2022, the USPTO issued a Non-Final Official Action, refusing registration "because the specimen appears to consist of a digitally created or altered image or a mockup of a depiction of the mark on the goods or their packaging and does not show the applied-for mark as actually used in commerce… ." *Id.* at 6-7. Thereafter, on May 17, 2022, the USPTO filed a Notice of Suspension, suspending the application due to "suspected improper submissions." *Id.* at 5. The application remains suspended. *Id.* at 3.

The USPTO also preliminarily determined that Chen submitted improper filings in connection with Serial Number 90638908, including specimens rejected by the USPTO on the basis that "the images of the applicant's products are digitally altered images and/or unoriginal product images" and "mockup POS displays, mockup invoices, and mockup images of the goods," rather than actual displays, invoices, and images. *Id.* Ex. 7 at 10.  Because Chen never responded to the USPTO's official action letter, the Office deemed that application abandoned. *Id.* at 3.

The USPTO's findings are consistent with other factors suggesting Chen's association with problematic trademark filings.  According to USPTO records, Chen appeared as attorney of record on more than 3,200 applications in 2022 alone, and has been attorney of record on roughly 6,700 applications since he graduated from law school in 2018.  Arora Decl. ¶ 8.  More than 94% of those applications are by owners domiciled in China and the vast majority were

filed after the rule requiring U.S. counsel took effect.  *Id.*  The USPTO records also indicate Chen frequently filed more applications in a given day than he could possibly sufficiently analyze.  *Id.*  For example, on January 17, 2022, 29 trademark applications on which Mr. Chen is listed as the attorney of record were filed over a period of less than 8 hours.  *Id.*

Amazon also has observed other anomalies with Chen's trademark applications, including applications for use-based trademarks covering goods like cars, trucks, vans, SUVs, motorcycles, and unmanned aerial vehicles, where the submitted specimen show sales for much smaller items, like bicycle handlebar tape, despite Chen's certification that the representations in the application have evidentiary support, including its certification that the marks were actually used in commerce in the United States connection with all of the larger items.  *See* 37 C.F.R. § 2.33; 37 C.F.R. § 11.18.  Arora Decl. ¶ 10 & Ex. 3 at 4, 27-28.

Furthermore, of the more than 7,000 notices of infringement ("NOIs") submitted to Amazon by Chen's clients in 2022, nearly ***80 percent*** were rejected as unfounded or made in bad faith.  Arora Decl. ¶ 9.  That rejection rate is roughly *double* the overall NOI rejection rate.  *Id.*

**D.      Chen's Lawsuit and Motion for a Temporary Restraining Order and Preliminary Injunction**

On July 12, 2023, Chen filed this lawsuit, asserting a single claim for defamation. Chen's claim is based on ineligibility emails to his clients, which Amazon is no longer sending. Arora Decl. ¶ 7.  Chen claims Amazon's actions damaged his professional reputation and caused him anxiety.  Compl. ¶¶ 43-46.  Chen admits he became aware of the ineligibility emails in March, four months before filing suit.  W. Chen Decl. ¶ 16; A. Chen Decl. ¶¶ 10-11.

On July 24, 2023—nearly two weeks after filing suit—Chen filed this Motion seeking emergency relief, including a temporary restraining order and preliminary injunction:

- prohibiting Amazon from "[d]isseminating any e-mail or other communications in which Plaintiff is stated to have engaged in abusive and/or risky practices/behavior before the USPTO";

- prohibiting Amazon from "[i]nternally listing Plaintiff in any electronic search query or field that results in the dissemination of any e-mail or other communication containing the same or substantially similar language to the ABR application rejection e-mails";

- prohibiting Amazon from "otherwise communicating to any client or potential client that Plaintiff has engaged in inappropriate, unprofessional or sanctionable conduct before the USPTO or otherwise"; and

- compelling Amazon to issue an "affirmative statement" that "it is subject to temporary and preliminary injunctive relief entered by this Court that Plaintiff has demonstrated a likelihood of success on the merits and that he would suffer irreparable harm should Amazon continue its practice of including him as an attorney that has engaged in appropriate, unprofessional or sanctionable conduct in its communications to ABR applicants."

Mot. at 19-20.  None of these requests are limited in time.

On July 26, 2023, the Court denied Chen's request for a TRO, finding he had not "sufficiently demonstrated that his alleged injuries are irreparable."  (July 26, 2023 Order).  The Court also ordered Amazon to respond to Chen's request for a preliminary injunction by August 7, 2023.  *Id.*

E.      **Other ABR Lawsuits**

The Complaint, Motion and Chen's declaration are copied nearly verbatim from another lawsuit based on the ineligibility emails filed in May in the District of Nevada, *Bayramoglu v. Amazon.com, Inc.*, Case No. 2:23-cv-00855.[2]  The Motion therefore cites Nevada and Ninth Circuit law rather than New York and Second Circuit law.  It also claims that in the Nevada suit "[a]n order was entered on June 20, 2023 by District Judge Andrew P. Gordon, by which Amazon stopped issuing the defaming emails against the attorney NAZLY AILEEN BAYRAMOGLU."  Mot. at 18.  In fact, that case ended in settlement, after Amazon determined that it had "no reason to believe that [the plaintiff had] engaged in any professional misconduct before the USPTO" and issued the plaintiff an apology letter.  W. Chen Decl. Ex. F at Ex. 1.

This case is different.  Chen engaged in misconduct before the USPTO, as explained above, and Amazon does not wish to resolve Mr. Chen's claim.  In fact, this case is very similar to another ABR case filed in July in this District.  *See Zhu v. Amazon.com, Inc.*, Case No. 23-cv-05014 (E.D.N.Y).  In that case, the plaintiff also sought a TRO, which the Honorable Gary R. Brown denied on bases equally applicable here, finding that the plaintiff was unlikely to succeed on his defamation claim because (1) Amazon submitted competent evidence demonstrating that the plaintiff is identified as attorney of record on a very high volume of trademark applications over a limited time period, most of which were submitted on behalf of Chinese nationals; (2) plaintiff had been counsel for ABR registrants who filed an unusually high number of bad faith notices of infringement; and (3) Amazon had buttressed those statistics with "specific examples of anomalies" in applications associated with the plaintiff.  Kumar Decl. Ex. 13.

---

[2] *Compare* Kumar Decl. Ex. 12 *with* W. Chen Decl.  Chen's copying—nearly verbatim—of the *Bayramoglu* papers explains his occasional references to himself as "her" or "she."

## III.   ARGUMENT

### A.   Legal Standards.

A court may enter a preliminary injunction only if the plaintiff can establish by clear evidence that (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A mere "possibility" of harm is insufficient. *Id.* at 22. The injury must be "certain and great." *See Mexichem Specialty Resins, Inc. v. EPA*, 787 F.3d 544, 555 (D.C. Cir. 2015).

Where, as here, a plaintiff seeks "a mandatory injunction"—an injunction that "alters the status quo by commanding some positive act, as opposed to a prohibitory injunction seeking only to maintain the status quo"—the burden "is even higher." *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (internal quotation marks omitted); *accord Herrick v. Grindr, LLC*, 2017 WL 744605, at *2 (S.D.N.Y. Feb. 24, 2017). "A mandatory preliminary injunction 'should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief.'" *Cacchillo*, 638 F.3d at 406 (citation omitted).

Plaintiff cannot establish any of these required elements.

### B.   Plaintiff Has Failed to Show a Likelihood of Success on the Merits.

Injunctive relief is improper because Chen has failed to show a likelihood of prevailing on his defamation claim. A defamation plaintiff in New York must show the defendant "published to a third party a defamatory statement of fact that was false, was made with the applicable level of fault, and either was defamatory *per se* or caused the plaintiff special harm." *Chandok v. Klessig*, 632 F.3d 803, 814 (2d Cir. 2011). Chen's claim is based solely on the

10

ineligibility emails, which he argues imply he "was associated with trademark prosecution conduct that resulted in a mark being sanctioned and/or invalidated by the USPTO" and that he "engaged in abusive and/or risky conduct while practicing before the USPTO."  Compl. ¶¶ 30-31; W. Chen Decl. ¶ 17 & Ex. C.  But Chen cannot show that the statements are false, unprivileged, or made with the requisite degree of fault.

     ***First***, Chen cannot show the statements are false.  Chen argues that the ineligibility emails are sent to ABR applicants whose trademark application was originally filed by a sanctioned attorney, but then taken over by a non-sanctioned attorney.  Mot. at 7-9.  Accepting that argument, the challenged statements ***are true***: "the trademark [TM] registration was ***filed by an attorney*** who has previously been associated with a TM that was sanctioned/made invalid by the United States Patent and Trademark Office (USPTO) for violating USPTO's Terms and Conditions."  *Id.* at 7 (emphasis added).  The implications Chen invents (that the current attorney of record was also associated with a TM that was sanctioned/made invalid) are ***also true***: Chen has been attorney of record on multiple trademark applications that were sanctioned by the USPTO and was found to have submitted improper filings in connection with applications, which constitutes "risky/abusive behavior."  Kumar Decl. Exs. 5-8; W. Chen Decl. Ex. C.  It does not matter that Chen was not himself sanctioned, as Amazon did not say that.  Rather, Chen has been "***associated*** with a TM that was sanctioned/made invalid by the United States Patent and Trademark Office (USPTO) for violating USPTO's Terms and Conditions."  W. Chen. Decl. Ex. C.  Because "[i]t is well established that falsity is an element of defamation under contemporary New York law," *Cain v. Atelier Esthetique Inst. of Esthetics Inc.*, 733 F. App'x 8, 11 (2d Cir. 2018) (internal quotation marks omitted), the defamation claim necessarily fails.

4869-0612-5426v.11 0051461-005865

*Second*, the statements are protected by New York's common-interest privilege, which "extends to a communication made by one person to another upon a subject in which both have an interest." *Chandok*, 632 F.3d at 815 (citation omitted).  The privilege is "broadly applied," and "[t]he parties need only have such a relation to each other as would support a reasonable ground for supposing an innocent motive for imparting the information." *Anas v. Brown*, 702 N.Y.S.2d 732, 734 (4th Dep't 2000).  A plaintiff can overcome the privilege only by showing the statements were made with common law malice or constitutional "actual malice." *Fuji Photo Film U.S.A., Inc. v. McNulty*, 669 F. Supp. 2d 405, 412 (S.D.N.Y. 2009).

Here, Amazon shared a common interest with ABR applicants that received ineligibility emails: Amazon in ensuring only legitimate intellectual property is registered, and applicants in getting their property registered.  *E.g.*, *O'Neill v. New York Univ.*, 944 N.Y.S.2d 503, 513 (1st Dep't 2012) (privilege applied to work-related communications discussing petitioner's "unprofessional behavior"); *Dunson v. Tri-Maint. & Contractors, Inc.*, 171 F. Supp. 2d 103, 117 (E.D.N.Y. 2001) ("reports of [Plaintiff's] possible misconduct on the job are the types of communications typically protected by the privilege"); *Olivieri v. McDonald's Corp.*, 678 F. Supp. 996, 1002 (E.D.N.Y. 1988) (privilege applied to memo about why potential franchisee was unqualified).

Chen will be unable to overcome the privilege.  Common law malice requires showing "that the defendant's ill will was the 'one and only cause for the publication.'"  *Obi v. Amoa*, 63 N.Y.S.3d 208, 226 (Sup. Ct. 2017) (citation omitted).  Chen does not allege, nor will he have evidence, showing Amazon bore ill-will toward him, let alone that ill-will was the "only cause" for the publication.  *Id.*  The Complaint also does not plausibly allege Amazon acted with actual malice, which requires "clear and convincing proof" that Amazon made the statements "with

12

knowledge of its falsity or with reckless disregard for the truth." *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 342 (1974); *see also Powell v. Jones-Soderman*, 849 F. App'x 274, 278 (2d Cir. 2021).  Instead, Chen claims "Amazon's conduct was, at least negligent" because Amazon "elected to do no further investigation beyond" trademark applications flagged by the USPTO, and "Amazon admitted that its ABR application investigation procedure was flawed and agreed to halt it."  Mot. at 13-14.  Even if that were true, it is not enough.

In any event, Amazon's statements were well-founded based on the record—including Chen's association with suspended trademark applications and the USPTO's finding that he submitted improper filings; the enormous volume of his trademark applications and impossible number of applications filed in a single day; the fact that more than 94% of his trademark applications are by foreign-domiciled owners and the vast majority were filed after the rule requiring U.S. counsel took effect; the anomalies Amazon has identified in the specimens accompanying Chen's filings suggesting the facts in the applications are false; and that Chen's clients who are registered with ABR have an NOI rejection rate more than double the overall rate.  Arora Decl. ¶¶ 8-10.

Chen's defamation claim will fail.

## C.     The Remaining Factors Weigh Against an Injunction.

Finally, the remaining factors counsel against an injunction.

Chen cannot establish irreparable harm, which requires showing he "will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Faiveley Transp. Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009).  Chen cannot make this showing, in part because "an

injury compensable by money damages is insufficient to establish irreparable harm." *CRP/Extell Parcel I, L.P. v. Cuomo*, 394 F. App'x 779, 781 (2d Cir. 2010).

Amazon has stopped sending the ineligibility emails.  Arora Decl. ¶ 7.  That Chen waited *four months* since becoming aware of the emails to file the motion is further proof that his requested injunction is not intended to prevent irreparable future harm, but rather to gain leverage in this lawsuit.  "Preliminary injunctions are generally granted under the theory that there is an urgent need for speedy action to protect the plaintiffs' rights.  Delay in seeking enforcement of those rights, however, tends to indicate at least a reduced need for such drastic, speedy action." *Citibank, N.A. v. Citytrust*, 756 F.2d 273, 276 (2d Cir. 1985).  *See also Gidatex, S.r.L. v. Campaniello Imports, Ltd.*, 13 F. Supp. 2d 417, 420 (S.D.N.Y. 1998) (A "substantial, unexcused delay in seeking injunctive relief vitiate[s] [plaintiff's] claim" that it will suffer irreparable injury absent an injunction).

Further, it "is the universal rule in the United States" that "[e]quity will not restrain by injunction the threatened publication of a libel… however great the injury to property may be." *Am. Malting Co. v. Keitel*, 209 F. 351, 354 (2d Cir. 1913); *see also, e.g., Nat'l Acad. of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.*, 2022 WL 446013, at *1 (S.D.N.Y. Feb. 14, 2022) (same).  The entirely out-of-Circuit cases Chen cites are distinguishable because none are based on a defamation claim as well as for other reasons.

In *Herb Reed Enterprises., LLC v. Florida Entertainment Management, Inc.*, 736 F.3d 1239 (9th Cir. 2013), the Ninth Circuit acknowledged that in some situations "loss of control over business reputation and damage to goodwill could constitute irreparable harm" but rejected an injunction request, in part because the plaintiff had not shown why money damages would be inadequate to redress alleged trademark infringement.  *Id.* at 1250.  *Aria Diagnostics, Inc. v.*

14

*Sequenom, Inc.*, 726 F.3d 1296, 1304 (Fed. Cir. 2013), involved a claim for patent infringement, and although the Court noted that price erosion *can* be grounds for showing irreparable harm, no such showing had been made. *Rent-A-Ctr., Inc. v. Canyon Television & Appliance Rental, Inc.*, 944 F.2d 597, 603 (9th Cir. 1991), finds an injunction proper given the "possibility" of harm, but pre-dates *Winter*, which "definitively refuted" the Ninth Circuit's "possibility of irreparable injury" standard (which would not apply here, in any event). *Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009). In *Cassim v. Bowen*, 824 F.2d 791, 796 (9th Cir. 1987), the Ninth Circuit found irreparable injury because the defendant "all but concede[d]" it, and in any event affirmed an order denying an injunction. And in *United Healthcare Insurance Co. v. AdvancePCS*, 316 F.3d 737, 741 (8th Cir. 2002), the Eighth Circuit "agree[d] that the irreparable injury inquiry must concentrate on current threats, not past ones."

The remaining two factors also disfavor injunctive relief. The public has *no* interest in deterring Amazon's efforts to ensure ABR applicants comply with the USPTO's rules and federal regulations. In fact, the integrity and accuracy of the U.S. trademark register is important to the economy, businesses everywhere, and the USPTO. *See* Kumar Decl. Ex. 4. Chen also has not "show[n] that the harm he would suffer from the denial of his motion is greater than the harm his opponent would suffer if the motion was granted." *Sterling v. Deutsche Bank Nat'l Tr. Co. as Trustees for Femit Tr. 2006-FF6*, 368 F. Supp. 3d 723, 728–29 (S.D.N.Y. 2019) (quoting *Buffalo Forge Co. v. AMPCO-Pittsburgh Corp.*, 638 F.2d 568, 569 (2d Cir. 1981)). Chen's alleged harm absent an injunction is speculative because Amazon has stopped sending the allegedly defamatory emails. On the other hand, Amazon would suffer severe harm if the Court enters an injunction compelling it to make "an affirmative statement that it is subject to temporary and preliminary injunctive relief entered by this Court that Plaintiff has demonstrated

a likelihood of success on the merits . . .," Mot. at 20 ¶ 4, and preventing it from making truthful statements about Chen's association with suspended applications and his own apparent USPTO rule violations, *id.*, which would be antithetical to the First Amendment.  *See Elrod v. Burns*, 427 U.S. 347, 373 (1976) ("[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury"); *see also, e.g., The Romantics v. Activision Publ'g, Inc.*, 532 F. Supp. 2d 884, 891 (E.D. Mich. 2008) (balance of equities and public interest weighed against injunction that "would impinge upon the Defendants' First Amendment rights").

That Amazon is a "large[] company," Mot. at 17, does not lessen this harm.  *See Nat'l Labor Relations Bd. v. Virginia Elec. & Power Co.,* 314 U.S. 469 (1941) (recognizing corporate First Amendment rights).  The case Chen cites states only that the "relative size of the respective businesses" in a trademark dispute is "relevant to the potential hardship *from changing a business' name*."  *Sardi's Rest. Corp. v. Sardie*, 755 F.2d 719, 726 (9th Cir. 1985) (emphasis added).

## D.    Plaintiff's Requested Relief Constitutes an Unconstitutional Prior Restraint.

Chen's motion is also deficient because it seeks to impose a prior restraint, that is, a restraint on speech before it is published.  A prior restraint is "one of the most extraordinary remedies known to our jurisprudence" and "the most serious and the least tolerable infringement on First Amendment rights."  *Nebraska Press Ass'n*, 427 U.S. at 559, 562.  In fact, "a chief purpose of [the First Amendment's] guaranty [is] to prevent previous restraints upon publication."  *Near v. Minnesota ex rel. Olson*, 283 U.S. 697, 713 (1931).  Every prior restraint request thus bears "a heavy presumption against its constitutional validity."  *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58, 70 (1963); *see also N.Y. Times Co.*, 403 U.S. at 714 (same).  Prior restraints are justified only in the most exceptional circumstances—such as to prevent

16

publication of the sailing dates of transport ships or the number and location of soldiers in wartime, *Near*, 283 U.S. at 716, or to "suppress[] information that would set in motion a nuclear holocaust." *N.Y. Times Co. v. United States*, 403 U.S. 713, 726 (1971) (per curiam) (Brennan, J., concurring).

A plaintiff cannot avoid this constitutional barrier simply by alleging that the speech is defamatory: The Supreme Court's modern prior-restraint jurisprudence dates to 1931, when the Court vacated a prior restraint against an anti-Semitic tabloid that published "defamatory" material, disturbed the "public peace," and provoked "assaults and the commission of crime." *Near*, 283 U.S. at 722; *see also Nat'l Acad. of Television Arts & Scis., Inc.*, 2022 WL 446013, at *1 ("equity [does] not enjoin a libel") (quoting *Metro. Opera Ass'n v. Local 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 177 (2d Cir. 2001)). Nor does alleged reputational harm justify a prior restraint. Although Plaintiff argues "damages to goodwill or to one's reputation is often difficult to calculate," the case law is to the contrary, as discussed above. *See also CBS, Inc. v. Davis*, 510 U.S. 1315, 1317-18 (1994) (reversing preliminary injunction barring broadcast of news report on unsanitary conditions at a beef processor, noting the processor's speculative claims of economic harm did not overcome the First Amendment burden for imposing "this most extraordinary remedy").

## IV.    CONCLUSION

For these reasons, Amazon respectfully asks the Court to deny Chen's motion for preliminary injunction.

Dated:  New York, New York
         August 7, 2023

DAVIS WRIGHT TREMAINE LLP

By:_____
         John M. Magliery

17

1251 Avenue of the Americas, 21st Floor
New York, NY 10020
Tel: (212) 489-8230
Email:   johnmagliery@dwt.com

Ambika Kumar (*pro hac vice application pending*)
Tim Cunningham (*pro hac vice application pending*)
DAVIS WRIGHT TREMAINE LLP
920 5th Avenue, Suite 3300
Seattle, WA 98104
Tel: (206) 622-3150
Email:   ambikakumar@dwt.com
            timcunningham@dwt.com

Sarah E. Burns (*pro hac vice application forthcoming*)
DAVIS WRIGHT TREMAINE LLP
865 S Figueroa Street, Suite 2400
Los Angeles, CA 90017
Tel: (213) 633-6800
Email:   sarahburns@dwt.com

*Attorneys for Defendant Amazon.com, Inc.*