```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x

  WEITAO CHEN,

                        Plaintiff,            MEMORANDUM & ORDER
                                              23-cv-05324(EK)(ST)

            -against-

  AMAZON.COM, INC.,

                        Defendant.

-------------------------------------x
```
ERIC KOMITEE, United States District Judge:

        Plaintiff Weitao Chen, a trademark attorney proceeding *pro se*, sued Amazon.com, Inc. for defamation, alleging that Amazon sent emails to Chen's clients stating that Chen was "associated with . . . abusive / risky conduct in the past." He goes on to allege that Amazon told those clients they had to terminate him as a condition of entry into Amazon's brand registry. Chen now moves for a preliminary injunction forbidding Amazon from sending such emails to Chen's clients and potential clients and ordering Amazon to announce that it has been so enjoined. For the reasons set out below, that motion is denied.

                               **I.   Background**

        The following recitation is taken from Chen's Amended Complaint and the parties' submissions in connection with Chen's motion. Given that the motion is predicated on Amazon's written

communications, it can be resolved on the basis of the paper record. *See Md. Cas. Co. v. Realty Advisory Bd. on Lab. Rels.*, 107 F.3d 979, 984 (2d Cir. 1997) (preliminary injunction motion that turned on interpretation of written document can be decided on the papers without an evidentiary hearing).

The Amazon Brand Registry ("ABR") is an online service that allows applicants to register intellectual property with the company. Am. Compl. ¶ 24, ECF No. 4. Registrants gain access to tools that report suspected trademark infringement, and they may notify Amazon of infringement and request removal of infringing and counterfeit goods from Amazon's stores. *See id.*; *see also* Declaration of Saloni Arora ("Arora Decl.") ¶ 3, ECF No. 18-1. In considering applications for inclusion in ABR, Amazon conducts some investigation to verify ownership and registration of intellectual property rights, such as a trademark, with the U.S. Patent and Trademark Office. Am. Compl. ¶ 25. As part of Amazon's "verification process," a digital code is sent to the "Attorney of Record" associated with each applicant's trademark registration at the USPTO; the attorney of record must provide the code to the applicant, who must submit it back to Amazon. *Id.* ¶ 26.

Plaintiff Chen is an attorney at Chen Law Firm, PLLC ("Chen Law") who "routinely practices before" the USPTO. *Id.* ¶¶ 12-13. "Many" of Chen Law's clients have sought registration

2

with ABR with Chen listed as their USPTO attorney of record. *Id.* ¶ 27.

In March 2023, "multiple" of Chen's clients informed him that their ABR applications had been rejected. *Id.* ¶ 28. The rejection email from Amazon read:

> we have concluded that the brand / user is currently ineligible for Brand Registry since the trademark (TM) registration was filed by an attorney who has previously being [sic] associated with a TM that was sanctioned / made invalid by the United States Patent and Trademark Office (USPTO) for violating USPTO's Terms & Conditions.

Chen Letter dated August 10, 2023 Ex. A at 2 ("Amazon Ineligibility Email"), ECF No. 23-1; *see* Am. Compl. ¶ 28.[1] The email continued: "In order to move forward, you will need to file a new trademark with an attorney who has not been associated with any abusive / risky conduct in the past." Amazon Ineligibility Email 2. Chen alleges that since receiving Amazon's emails, multiple Chen Law clients have requested that Chen's name "be removed from their trademark files and replaced with a different Attorney of Record." Compl. ¶ 42. Moreover, Chen "believes that the content of Amazon's ABR application rejection e-mails that have been disseminated to his clients has resulted in his inclusion on a list of 'Amazon Blacklisted Attorneys.'" *Id.* ¶ 46.

---

[1] Citations to exhibits are to ECF pagination.

Chen moved for injunctive relief on July 24, 2023. His proposed order would prohibit Amazon from:

1. Disseminating any email or other communications in which Plaintiff is stated to have engaged in abusive and / or risky practices / behavior before the USPTO;

2. Internally listing Plaintiff in any electronic search query or field that results in the dissemination of any email or other communication containing the same or substantially similar language to the ABR application rejection emails; [and]

3 . . . otherwise communicating to any client or potential client that Plaintiff has engaged in inappropriate, unprofessional or sanctionable conduct before the USPTO or otherwise . . . .

Pl.'s Mot. for Temporary Restraining Order & Preliminary Injunction ("Pl. Mot.") 19–20, ECF No. 9.  Chen also sought an order that would *compel* Amazon's:

4. Issuance of an affirmative statement that it is subject to temporary and preliminary injunctive relief entered by this Court[,] that Plaintiff has demonstrated a likelihood of success on the merits and that he would suffer irreparable harm should Amazon continue its practice of including him as an attorney that has engaged in inappropriate, unprofessional or sanctionable conduct in its communications to ABR applicants . . . .

*Id.* at 20.

For the following reasons, the motion for preliminary injunctive relief is denied.

## II.  Legal Standard

A preliminary injunction is an "extraordinary and drastic remedy, one that should not be granted unless the

4

movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).[2]  Generally speaking, a preliminary injunction may be granted only when the moving party demonstrates (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in the party's favor, and (4) that an injunction is in the public interest.  *Am. Civil Liberties Union v. Clapper*, 804 F.3d 617, 622 (2d Cir. 2015).  Where the plaintiff has "an adequate remedy at law, such as an award of money damages, injunctions are unavailable except in extraordinary circumstances."  *Moore v. Consol. Edison Co. of New York*, 409 F.3d 506, 510 (2d Cir. 2005).

The injunction Chen seeks is in part a "mandatory" injunction because it would "alter[ ] the status quo by commanding some positive act" — specifically, by compelling Amazon to issue the statement referred to above.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011).  Mandatory preliminary injunctions require an even higher showing on the likelihood of success: "a clear showing that the moving party is entitled to the relief requested, or [that] extreme or very

---

[2] Unless otherwise noted, when quoting judicial decisions this order accepts all alterations and omits all citations, footnotes, and internal quotation marks.

5

serious damage will result from a denial of preliminary relief." *Id.*[3]

### III. Discussion

Chen's only cause of action is for defamation. "[A]bsent extraordinary circumstances, injunctions should not ordinarily issue in defamation cases." *Metro. Opera Ass'n, Inc. v. Loc. 100, Hotel Emps. & Rest. Emps. Int'l Union*, 239 F.3d 172, 177 (2d Cir. 2001). Chen has not carried his burden of persuasion by a "clear showing," as required for preliminary injunctive relief, for two independent reasons. *See Mazurek*, 520 U.S. at 972. First, Chen has not demonstrated that this case is "extraordinary" enough to overcome the Second Circuit's hesitation about enjoining speech. Second, Chen has not clearly shown that he is likely to succeed on the merits of his defamation claim.

**A. Chen Has Not Overcome the Presumption Against Enjoining Speech**

Injunctions are "limited to rights that are without an adequate remedy at law." *Metro. Opera*, 239 F.3d at 177. Thus, "[b]ecause ordinarily libels may be remedied by damages, equity will not enjoin a libel absent extraordinary circumstances."

---

[3] As a licensed attorney, Chen "cannot claim the special consideration which the courts customarily grant to pro se parties." *Harbulak v. Suffolk Cnty.*, 654 F.2d 194, 198 (2d Cir. 1981).

6

*Id.*[4] And even in those unusual circumstances where defamation cannot be remedied by damages, courts must contend with "the First Amendment's heavy presumption against prior restraints." *Id.*

Based on these principles, another district court in this Circuit has concluded that it is "black letter" law "that an injunction is not available to suppress defamatory speech." *New Era Publ'ns Int'l, ApS v. Henry Holt & Co.*, 695 F. Supp. 1493, 1525 (S.D.N.Y. 1988), *aff'd*, 873 F.2d 576 (2d Cir. 1989); *see also Gaming Mktg. Sols., Inc. v. Cross*, No. 07-CV-4624, 2008 WL 858183, at *5 (S.D.N.Y. 2008) (injunctions are disfavored in libel cases because they can be remedied by money damages, and "are also disfavored because they impose a prior restraint on speech"). This is in line with the Supreme Court's jurisprudence, as well. *See, e.g.*, *Org. for a Better Austin v. Keefe*, 402 U.S. 415, 419 (1971) ("No prior decisions support the claim that the interest of an individual in being free from public criticism of his business practices in pamphlets or leaflets warrants use of the injunctive power of a court.").

Chen has not shown that this case is extraordinary. Among other things, his need for an injunction is diminished

---

[4] Amazon, which reported "net sales" of $134.38 billion last quarter, *see* Amazon.com, Inc. Quarterly Report on SEC Form 10-Q at 4 (Aug. 4, 2023), can be presumed to be sufficiently creditworthy to bear any damages award that might issue in this case.

7

because Amazon has represented that it "has permanently stopped sending" the purportedly defamatory emails about Chen, and "now sends emails with revised language." Arora Decl. ¶ 7; *see also* Arora Decl. Ex. 2, ECF No. 18-3 (revised email). At oral argument, Chen confirmed that, at least "for now," Amazon has stopped sending the offending emails. *See* Hr'g Tr. 10:19-23 ("MR. CHEN: The reason is after the filing the case, the plaintiff [sic] stop[ped] sending for now for settlement purpose . . . .").[5] Chen has not claimed that the revised email is defamatory. A defendant's "voluntary cessation of a challenged practice," even if not dispositive, is "an important factor bearing on the question whether a court should exercise its power to entertain a request for injunctive relief," *Holland v. Goord*, 758 F.3d 215, 224 (2d Cir. 2014), and "weighs heavily" against granting such relief. *Patrick v. Success Acad. Charter Sch., Inc.*, No. 17-CV-6846, 2017 WL 6557478, at *5 (E.D.N.Y. Dec. 22, 2017).

For example, in *RQ Innovasion, Inc. v. Carson Optical, Inc.*, the court denied preliminary injunctive relief because videos alleged to violate the Lanham Act "no longer appear[ed]" in the challenged manner "and apparently have not so appeared since at least the day after the Complaint was filed." No. 19-

---

[5] From the context, it is apparent Chen meant to say "the defendant."

CV-3886, 2019 WL 4359456, at *8 (E.D.N.Y. Aug. 21, 2019), *R&R adopted*, 2019 WL 4346264 (E.D.N.Y. Sept. 12, 2019). Similarly, in *Patrick*, the court held that "for now" the defendants' "voluntary measures satisfy the federal due process concern" at issue in denying injunctive relief. 2017 WL 6557478, at *5.

Amazon's voluntary cessation here makes "the likelihood of further violations . . . sufficiently remote to make injunctive relief unnecessary." *United States v. Concentrated Phosphate Exp. Ass'n*, 393 U.S. 199, 203 (1968). Accordingly, Chen has not overcome the strong presumption against injunctions on speech.

**B. Chen's Defamation Claim is Unlikely to Succeed on the Merits**

Chen's motion also fails because he has not demonstrated that he is sufficiently likely to succeed, in the end, on the merits of his claim.

1. New York Law Applies

Amazon indicates that New York law governs Chen's defamation claim. *See* Def.'s Mem. of L. Opp. ("Def. Mem.") 11, ECF No. 18. Chen takes no express position on the choice-of-law issue, but he cites defamation cases only from Nevada. *See* Pl. Mot. 11-12. Amazon is correct that New York's defamation law controls.

New York's choice-of-law rules apply. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). In tort actions, New York courts apply the substantive law of the jurisdiction that has the most significant interest in "the specific issue raised in the litigation." *Schultz v. Boy Scouts of Am., Inc.*, 480 N.E.2d 679, 683 (N.Y. 1985). Under New York choice-of-law rules in defamation cases, "the state of the plaintiff's domicile will usually have the most significant relationship to the case." *Lee v. Bankers Tr. Co.*, 166 F.3d 540, 545 (2d Cir. 1999). Here, that state is New York. *See* Am. Compl. ¶ 5.

Meanwhile, Nevada has no apparent relationship to this case. Chen alleged that Amazon is a Delaware corporation with a principal place of business in Washington state and operations in New York. *See id.* ¶¶ 3, 8, 11. Because Chen "has not demonstrated that any particular state has a greater interest in or more significant contacts with this litigation than New York, [he] has not provided this Court with a basis to apply the common law of any state other than New York." *Kirschner v. JPMorgan Chase Bank, N.A.*, No. 17-CV-6334, 2020 WL 2614765, at *12 (S.D.N.Y. May 22, 2020), *aff'd*, 79 F.4th 290 (2d Cir. 2023). New York's defamation law therefore controls.

2. <u>Falsity</u>

Under New York law, defamation that is written rather than spoken is libel. *Albert v. Loksen*, 239 F.3d 256, 265 (2d Cir. 2001). A libel claim has five elements: "1) a written defamatory statement of fact concerning the plaintiff; 2) publication to a third party; 3) fault (either negligence or actual malice depending on the status of the libeled party); 4) falsity of the defamatory statement; and 5) special damages or per se actionability (defamatory on its face)." *Electra v. 59 Murray Enterprises, Inc.*, 987 F.3d 233, 259 (2d Cir.) (applying New York law), *cert. denied*, 142 S. Ct. 563 (2021).

Amazon argues that Chen cannot show that Amazon's writings are false. Def. Mem. 11. As Chen concedes, he has indeed "appeared as counsel" on trademark applications that were, during his representation, "suspended pending administrative review of suspected improper submissions by the prior counsel." Pl.'s Reply Supp. Mot. ("Pl. Reply") 4. Amazon argues that its statement that "the trademark (TM) registration was filed by an attorney who has previously been associated with a TM that was sanctioned / made invalid" is therefore true, because "the prior counsel," not Chen, "filed" the offending trademark registration. *See* Def. Mem. 11. Amazon further argues that even if, counterfactually, the statement referred to Chen and not prior counsel, it would still be true, because

11

Chen's substitution as counsel made him "associated" with the trademark registration. *See id.*

Chen offers two counterarguments. First, he argues that Amazon's emails contain one literal falsehood: they refer to trademarks as "sanctioned / made invalid" when they are merely under "administrative review." Chen Letter dated August 10, 2023 at 2. Second, Chen argues that certain "clear inferences" to be drawn from Amazon's statements are defamatory. *Id.* Neither argument has merit.

a. Amazon's statements were substantially true.

First, even assuming that Amazon's statements are false, Chen has not established a sufficient likelihood that they are *substantially* false, which is required for defamation liability. "In New York, a statement need not be *completely* true" to vitiate the falsity element of defamation, "but can be *substantially* true, as when the overall gist or substance of the challenged statement is true." *Tolbert v. Smith*, 790 F.3d 427, 440 (2d Cir. 2015). In *Tolbert*, the Second Circuit held that the statement that a classroom kitchen had been "closed" by a government agency, when it had been closed by the school principal, was "substantially true" because the government agency had "prevented [the kitchen's] reopening," an action "substantially similar" to "clos[ing]." *Id.* at 339-40 (applying New York law).

12

Here, Chen is correct that the USPTO distinguishes between "sanctions" and "suspen[sion] pending administrative review." *See* U.S. Patent & Trademark Off., *Administrative Sanctions Process* (Feb. 22, 2023), https://www.uspto.gov/trademarks/protect/administrative-sanctions-process. As Chen asserts, the USPTO suspends applications while a determination of whether to sanction or invalidate is pending. *See id.*; *accord* Chen Letter 2. But just as "preventing reopening" is sufficiently like "closing," "suspended while determining whether to sanction" is sufficiently close to "sanctioned / made invalid" that liability under New York law is far from clear.

      b.  Chen's "defamation by implication" theory fails.

Second, Chen has not established that he is likely to succeed on the merits of a "defamation by implication" theory, either. Chen argues that Amazon's statements encouraged three "clear inferences" that were defamatory: (1) that "the current attorney of record has problems and is unfit"; (2) that "the current attorney of record is targeted" — i.e., that Amazon's concern is with the applicant's current attorney of record — Chen — and not any former attorney who may have filed the offending papers; and (3) "that the client must terminate the current Attorney of Record and engage different counsel in order to obtain ABR registration." Chen Letter 2.

13

New York law recognizes claims for defamation by implication, which "involve[] false suggestions, impressions and implications arising from otherwise truthful statements." *Levin v. McPhee*, 119 F.3d 189, 196 n.5 (2d Cir. 1997) (citing *Armstrong v. Simon & Schuster, Inc.*, 649 N.E.2d 825, 829-30 (N.Y. 1995)). However, to state such a claim, "the plaintiff must make a rigorous showing that the language of the communication as a whole can be reasonably read both to impart a defamatory inference and to affirmatively suggest that the author intended or endorsed that inference." *Stepanov v. Dow Jones & Co.*, 987 N.Y.S.2d 37, 44 (N.Y. App. Div. 1st Dep't 2014); *Kavanagh v. Zwilling*, 578 F. App'x 24, 24-25 (2d Cir. 2014) (quoting same).

For example, in *Watson v. NY Doe 1*, 439 F. Supp. 3d 152, 161-62 (S.D.N.Y. 2020) (applying New York law), the plaintiff stated a claim for defamation by implication against a defendant who stated, in the wake of the termination of plaintiff's employment, that "nine women 'reported' the plaintiff" for sexual misconduct, which "conveyed the false inference that the plaintiff had sexually abused nine women." This determination was context-specific: the court held that the defendant's statements could reasonably be read to have encouraged this inference because they were made in response to

14

comments contesting that the plaintiff had been discharged for sexual misconduct. *Id.* at 162.

In contrast, in *Bisimwa v. St. John Fisher Coll.*, 149 N.Y.S.3d 428, 431, 435 (N.Y. App. Div. 4th Dep't 2021), the court rejected a theory of implied defamation where a college truthfully disclosed the plaintiff's "violations of the student code of conduct and expulsion," without the context that the student was later acquitted of criminal rape for the same conduct. The *Bisimwa* court disagreed that "the disclosure falsely suggested that [the plaintiff] had, in fact, committed the acts of which he was accused." *Id.* at 435. The court explained that while the "plaintiff may wish that additional information from the College would have provided further context for the truthful information that was conveyed, the disclosure . . . did not imply anything false about plaintiff." *Id.*

Chen argues that the three purportedly defamatory inferences he identifies are reasonably drawn from Amazon's language because his clients, in fact, drew them. Hr'g Tr. 24:4-5. And Chen suggests Amazon intended or endorsed these inferences because Amazon's email continued: "[i]n order to move forward, [the applicant] will need to file a new trademark with an attorney who has not been associated with any abusive / risky conduct in the past." Hr'g Tr. 23:14-24:5.

15

None of these theories support a claim for defamation by implication. Amazon's statement that "the trademark (TM) registration was filed by an attorney who has previously been associated with a TM that was sanctioned / made invalid" cannot reasonably be read to impart the inferences Chen suggests — that the email is about Chen, that he is unfit, and that his clients must fire him to enter ABR.

First, Amazon expressly stated that "the trademark (TM) registration was *filed* by an attorney" associated with a problematic trademark. Amazon Ineligibility Email 2 (emphasis added). It is not clearly reasonable to draw the inference that Amazon's email was directed at Chen when Chen did not "file" the trademark registration. Second, in those cases, it is even less reasonable to draw the inference that Chen, as opposed to the filing attorney, was unfit. Finally, it is not reasonable to draw the inference that Amazon encouraged Chen's clients to fire him. While Amazon certainly told Chen's clients that they would have to "file a new trademark" with the USPTO as a condition of entry into ABR, Amazon did not say that Chen could not file that trademark. Rather, Amazon said that the new trademark could not be filed by an attorney who, like the *original* filing attorney, was associated with risky or abusive conduct. Indeed, Amazon's email goes on to invite the applicant to reapply not with a new attorney, but "with the new trademark." *Id.* at 2–3.

16

In sum, Chen is not likely to prevail on the merits of his defamation claim, whether on an express or implied defamation theory. He is therefore not entitled to a preliminary injunction.

### IV. Conclusion

The motion for a preliminary injunction is denied.

SO ORDERED.

                                              /s/ Eric Komitee
                                             ERIC KOMITEE
                                             United States District Judge

Dated:    November 9, 2023
            Brooklyn, New York